Argued January 18, reversed April 17, 1978

WALLACE HALE, *Petitioner,*

*v.*

OREGON STATE PENITENTIARY, *Respondent.*

(No. 05-77-099, CA 8799)

577 P2d 531

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, ard Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson and Roberts, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

In this disciplinary proceeding the order of the Superintendent of the Oregon State Penitentiary was not timely entered and this error requires reversal.

After hearing a charge of misconduct by petitioner, the Disciplinary Committee entered an order on May 16, 1977, finding petitioner guilty of the charge and recommending a sanction consisting of six months' segregation and forfeiture of 180 days of good time. The superintendent entered an order on June 17, 1977, affirming the finding of guilt, but modifying the sanction to require only the forfeiture of good time and no time in segregation.

ORS 421.180 authorizes the Corrections Division to adopt rules of procedure to be utilized in disciplining inmates in penal institutions under its control. OAR 291-40-115(6)(e)(f) reads as follows:

"(6) Conduct of the Hearing. The hearing shall be conducted as follows:

"* * * * *

"(e) Within 14 days from the disciplinary committee decision and notice to the inmate, the disciplinary committee chairman or his designee shall prepare and submit to the institution Superintendent a 'Finding of Fact, Conclusion and Recommendation' of the disciplinary committee.

"(f) Within 5 days of the receipt of the 'Finding of Fact, Conclusion, and Recommendation' of the disciplinary committee, the institution Superintendent or his designee shall review the disciplinary committee's action and enter his 'Order.' "

Under these rules the superintendent had a duty to enter an order no more than 19 days after May 16, 1977. As noted above the order was not entered for several days after the rules required that it be entered. Petitioner was kept in segregation until the superintendent entered his order.

ORS 421.195 provides that the Court of Appeals shall review orders in disciplinary cases, with certain

exceptions, and that the court may affirm, reverse or remand on the basis provided in paragraphs (a) to (d) of subsection (8) of ORS 183.482. That statute states in pertinent part:

"(8) * * * The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance or procedure, but error in procedure shall not be cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby * * *."

There are essentially three kinds of error: (1) error which is not prejudicial; (2) error which is prejudicial but which can be corrected by rehearing or by some other means; and (3) error which is prejudicial and for which there is no remedy. The prejudice in this case falls in the third category. As a result of the failure of the superintendent to issue a timely order the petitioner has spent time in segregation that the superintendent's order says he should not have served.[1] ORS 183.482 contemplates reversal in appropriate instances. This is such an instance. Having made the rules, the Corrections Division is bound by them.

Reversed.

**JOHNSON, J.,** specially concurring.

I agree with the majority that ORS 421.195 and ORS 183.482 contemplate reversal in appropriate circumstances and that this is such an instance. I cannot, however, agree with the majority's reasoning for reaching its conclusion that "having made the rules, the Corrections Division is bound by them." The implication is that the Corrections Division should change its rules to avoid reversals in the future. The Corrections Division's rules prescribe a precise and expeditious timetable for the conduct of disciplinary proceedings, including the time within which the

---

[1] We are not here dealing with an order reducing time in segregation to time served.

superintendent must issue his order. *See* OAR 291-40-100 and OAR 291-40-115. Speedy disposition obviously serves both the interests of the institution and the inmates, particularly when, as here, the inmate is held in temporary segregation status pending the outcome of the disciplinary hearing and superintendent's order. Rather than suggest to the Division that it amend its rules to accommodate bureaucratic delays, it should be commended for the present rules. Also we should not suggest that any prejudicial deviation from those rules, regardless of the degree of prejudice, will automatically result in reversal. I believe we have greater flexibility in fashioning appropriate remedies.

The state in effect confesses that two errors were made: (1) the superintendent was 27 days late in issuing his order; and (2) petitioner was placed in segregation prior to the disciplinary hearing without authorization of a supervisory official as required by *Bekins v. Cupp,* 274 Or 115, 545 P2d 861 (1976). The seriousness of both these errors leads me to the conclusion that the only appropriate remedy in this case is reversal. However, I believe this court has the authority to fashion less severe remedies for less serious procedural errors.

The majority's opinion also does not answer the state's principal contention. The majority summarily states the error was "prejudicial and * * * there is no remedy" and then concludes there must be reversal. The state argues that the error was not prejudicial because it only affected petitioner's segregation status pending the disciplinary proceeding and was unrelated to the substantive disposition which was the subject of the final order. The state suggests that the appropriate remedy for petitioner would have been by writ of habeas corpus. I disagree. ORS 421.195 provides:

> "Judicial review of certain disciplinary orders. If an order places an inmate in segregation or isolation status for more than seven days, institutionally transfers him for disciplinary reasons or provides for nondeduction from the term of his sentence under paragraphs (a) and

(b) of subsection (1) of ORS 421.120, the order *and the proceedings underlying the order are subject to review by the Court of Appeals* upon petition to that court filed within 30 days of the order for which review is sought. The division shall submit to the court the record of the proceeding, or, if the inmate agrees, a shortened record. A copy of the record transmitted shall be delivered to the inmate by the division. The court may affirm, reverse or remand the order on the same basis as provided in paragraphs (a) to (d) of subsection (8) of ORS 183.482. The filing of the petition shall not stay the division's order, but the division may do so, or the court may order a stay upon application on such terms as it deems proper." (Emphasis supplied.)

ORS 183.482(8) provides:

"The court *may* affirm, reverse or remand the order. The court shall reverse or remand the order only if it finds:

"(a) The order to be unlawful in substance or procedure, *but error in procedure shall not be cause for reversal or remand unless the court shall find that substantial rights of the petitioner were prejudiced thereby;*

"* * * * *." (Emphasis supplied.)

The statutory scheme contemplates judicial review of the entire proceeding, not just the final order. ORS 421.195 states that "the order and the *proceedings underlying the order*" are subject to review. The limitation on judicial review of procedural errors contained in ORS 183.482(8)(a) does not confine us to reversing or remanding only for those errors that may prejudice the final outcome, but rather extends our power to encompass procedural errors that prejudice the "substantial rights of the petitioner." The legislative intent embodied in both statutes is to effectuate judicial supervision of administrative action to insure that the laws are administered in a manner consistent with due process. The limitation on review of procedural errors contained in ORS 183.482(8)(a) is intended only to cover harmless, technical errors which in no way affect the substantial rights of the litigant.

Here, petitioner's substantial rights were prejudiced. There is at least a likelihood that if a supervisory official had reviewed, in the manner prescribed by *Bekins v. Cupp, supra,* the correctional officer's action in placing petitioner in segregation, petitioner might never have been placed in segregation. The superintendent ultimately concluded after a determination of guilt that segregation was not warranted. Moreover, if the superintendent had entered his order within the time prescribed by the rules, petitioner would have been released from segregation at a much earlier date.

The State's argument that petitioner's remedy was by writ of habeas corpus is not well taken because there are obvious practical and judicial limitations on the use of the writ. *See Penrod v. Cupp,* 30 Or App 371, 567 P2d 563, *aff'd* 283 Or 21, 581 P2d 934 (1978). In any event, there is nothing in ORS 482.195 which makes review under that statute contingent upon the existence or nonexistence of other remedies. If the courts are to perform the supervisory function intended by the legislature in ORS 421.195 and ORS 183.482, then review must extend to the entire proceedings and encompass procedural errors that violate substantial rights.

The ultimate question is how to dispose of procedural errors that prejudice substantial rights of a petitioner. The majority suggests a test the only merit of which is mathematical certainty. If the error is one that can be entirely corrected by remand for a new hearing or further proceedings, then remand is appropriate. For errors that cannot be entirely corrected there must be reversal. This is not an appeal of a criminal case where double jeopardy may attach. We are reviewing administrative action which is civil and remedial in nature. The court's role is one of judicial supervision to insure that procedural standards are consistent with the remedial function of the agency. In striving for compliance with procedural standards we should not wholly undermine the remedial function of the agency. Because an error cannot be corrected with

total certainty by a new hearing or further proceedings does not mean the prejudice cannot be substantially or wholly mitigated under our powers to remand. The appropriate remedy must be fashioned in accordance with the particular circumstances of the case. If, for example, the substantive charge here involved inciting of a major prison riot and the superintendent was only one day late in entering his order, I would be reluctant to reverse. Rather, I believe it would be more appropriate to remand with directions to the superintendent to reconsider the sanction, making provision for mitigation on account of the procedural error and the resulting illegal detention. In any event, I cannot accept the inflexible rule suggested by the majority.