Argued May 15, affirmed July 5, 1978

ROBERT ALAN DUNCAN, *Petitioner,*
*v.*
OREGON STATE CORRECTIONAL INSTITUTION,
*Respondent.*
(No. 1618, CA 10057)
580 P2d 1047

Marianne Oswald, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Al J. Laue, Solicitor General, and Kathryn A. Logan, Certified Law Student, Salem.

Before Schwab, Chief Judge , and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

Petitioner seeks judicial review of the final order of the Superintendent of the Oregon State Correctional Institution finding petitioner to have violated Major Rule No. 8 forbidding sexual activity, and imposing a sanction of one year in the segregation and isolation unit and loss of 304 days of good time. On review he claims violations of OAR 291-40-110(2), (3) and (4).[1]

The offense occurred on October 11, 1977. An internal memorandum was prepared on October 12

---

[1] OAR 291-40-110(2), (3) and (4) states:

"(2) Misconduct Reports. When corrective action includes submission of a misconduct report:

(a) The staff member shall file a misconduct report *within a reasonable time (but not more than one week) after sufficient evidence is gathered, discovered, and/or observed* to support a charge of violation of institutional rules. Determination of the sufficiency of evidence is a matter of judgment for the staff member submitting the report. 'Reasonable time' is defined as:

(A) Not more than 7 days if the inmate is not placed in holding status, or

(B) *Not more than 24 hours if the inmate is placed in holding status.*

(b) The misconduct report shall include:

(A) The identity of the inmate charged with rule(s) violation;

(B) The rule(s) violated;

(C) The time and date of the misconduct report;

(D) The events constituting the violation, including the time and date when relevant;

(E) The name and position of the employe making the report.

(c) The inmate shall be informed within a reasonable time that a report has been filed, and he shall be provided with a copy thereof; this may be done by any staff member.

"(3) Scheduling a Hearing. The disciplinary committee shall schedule a hearing within fourteen (14) days of the filing of the misconduct report, except that a hearing must be *scheduled within seven (7) days of the placement of an inmate on holding status.*

"(4) Holding Status:

(a) Inmates who commit rule violations of such seriousness that the good order and security of the institution required immediate removal of the offender shall be placed in holding status pending a disciplinary hearing.

(b) Inmates so removed prior to a hearing are considered to be in holding status only, not a punishment status.

(c) *A misconduct report must be submitted within 24 hours of placement in holding status."* (Emphasis added)

describing facts which indicated forceful sexual activity. A copy of the memorandum was furnished immediately to the petitioner. On the same day petitioner was transferred to holding status in the segregation and isolation unit and remained there throughout these proceedings. On October 27 a police investigation was completed and their report furnished to the prison authorities. One week later, on November 3, a Misconduct Report was prepared and it was delivered to petitioner the next day. On November 7 the hearing was initiated. There followed a period during which investigation continued. On December 23 a hearing was reconvened and completed. Petitioner was found to have violated the rule and the above sanction was imposed with credit given for all time spent in segregation and isolation since October 12.

Petitioner prays that the order be set aside because of a violation of the rule by exceeding the time limit for filing of the Misconduct Report and the time limit for initiation of a hearing. The attorney general argues that there was substantial compliance and that the petitioner suffered no prejudice as a result of the rule violation.

██ First we note that this is not a habeas corpus proceeding as was *Bekins v. Cupp,* 274 Or 115, 545 P2d 861 (1976), in which the issue would be whether the petitioner is presently being held contrary to law. Rather, this is a review of a disciplinary order pursuant to ORS 421.195 which describes the scope of our review as follows:

> "If an order places an inmate in segregation or isolation status for more than seven days, institutionally transfers him for disciplinary reasons or provides for nondeduction from the term of his sentence * * *, the order and the proceedings underlying the order are subject to review by the Court of Appeals * * *."

The "order" referred to is the dispositional order, not the preliminary placement of the inmate in segregation and isolation during the pendency of the proceedings. That earlier act would be reviewable in the

course of reviewing the dispositional order only if it is an act "underlying the order" appealed from, *i.e.,* an act which affects or inheres in the dispositional order such as notice, an evidentiary ruling, etc., which affect the outcome. Thus, our review of this disciplinary order is analogous to our review of a criminal judgment following noncompliance with statutory requirements for expeditious trial. *Cf., State v. Sutton,* 223 Or 570, 355 P2d 247 (1960).[2] Therefore, the question on review of the dispositional order is whether the rule violation prejudiced the petitioner's right in the fact-finding process or the sanction.

■ Petitioner makes no claim that he was prejudiced in the preparation for or trial of the hearing on the charge. Therefore we conclude that there is no prejudice in regard to the fact-finding process.

■ Regarding the sanction, there is no challenge to the authority of the superintendent to impose one year in the segregation and isolation unit upon a finding of major rule violation. Inasmuch as the petitioner was given credit for all time served in the segregation and isolation unit since October 12, 1977, he has suffered no loss by virtue of any purported rule violation. *Cf., Hale v. OSP,* 33 Or App 529, 577 P2d 531 (1978). Therefore there is no prejudice in regard to the sanction.

Affirmed.

---

[2] *State v. Sutton* was not qualified in respect to this principle by *State v. McCormick,* 280 Or 417, 517 P2d 499 (1977), which dealt with the constitutional prerequisites of a complaint in lieu of indictment.