DENNIS GORDON,
*Petitioner,*
*v.*
OREGON STATE PENITENTIARY,
*Respondent.*

(No. 11-77-236, CA 9860, SC 25805)

598 P2d 299

Marianne Oswald, Deputy Public Defender, Salem, argued the cause for petitioner. With her on the briefs was Gary D. Babcock, Public Defender, Salem.

James S. McAlister, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Al J. Laue, Solicitor General, and James C. Rhodes, Assistant Attorney General, Salem.

HOLMAN, J.

## HOLMAN, J.

This was a direct appeal to the Court of Appeals from an order of the Disciplinary Committee of the Oregon State Penitentiary pursuant to ORS 421.195 and 183.482(8). Petitioner, a prison inmate, was found guilty of violation of Major Rule No. 10, disobedience of an order, and was given nine days' solitary confinement as a penalty therefor.

The occurrence arose out of a dispute concerning the food petitioner was served as he was going through the food line. He was given what he considered an inadequate portion of meat and he dropped out of line to complain to the steward. He was charged with disobeying an order by a guard not to go back into the line which order was based upon a rule that once an inmate left the line he could not return to it. Petitioner went back into the food line but contended he did not hear the guard's order. Shortly thereafter, upon complaint of the guard, petitioner was placed in solitary confinement pending investigation. Three days later a hearing was held before the Committee but was continued because petitioner asked that the steward who was present at the time of the occurrence be interviewed and asked certain questions. Six days later the hearing was reconvened and petitioner asked that the hearing again be continued for additional questioning of the steward. This request was refused, and petitioner was found guilty of the violation and sentenced to nine days of solitary confinement with credit for the nine days *which he had already served.*

██ ██ In his brief before the Court of Appeals petitioner raised three issues: (1) lack of evidence sustaining the charge; (2) failure to grant a second continuance for the purpose of further investigation; (3) his placement in solitary confinement without a finding that he posed a threat to the security of the institution, as required by *Bekins v. Cupp,*[1] and OAR 291-40-

---

[1] In *Bekins v. Cupp,* 274 Or 115, 120, 545 P2d 861 (1976), we said:

"We hold that before a prisoner can be placed in segregation and isolation pending an investigation, a supervisory official of the

110(4)(a).[2] An examination of the record demonstrates that there was adequate evidence to find petitioner guilty of the charge and that the Committee did not abuse its discretion in failing to allow a further con- tinuance. This disposes of the first two contentions.

The Court of Appeals affirmed the Disciplinary Committee, 35 Or App 481, 582 P2d 19 (1978), upon the basis of *Duncan v. OSCI,* 35 Or App 81, 580 P2d 1047 (1978). In *Duncan,* the petitioner requested that the order imposing discipline be set aside because of violation of a rule limiting the time, after a convict is placed in holding status for investigation, within which a misconduct report must be filed and within which a hearing must be scheduled. The penalty imposed by the Committee for violation was a length of time in solitary confinement greater than the period he was so held for investigation and he was given credit for his investigatory detention upon his penalty. The Court of Appeals held that the prisoner was not prejudiced by the violations. In reaching this conclusion in *Duncan,* it was necessary for the Court of Appeals to construe ORS 421.195, which provides for its scope of review. The statute provides:

"If an order places an inmate in segregation or isolation status for more than seven days, institutionally transfers him for disciplinary reasons or provides for nondeduction from the term of his sentence * * *, the order and the proceedings underlying the order are subject to review by the Court of Appeals * * *."

The court held that the "order" referred to in the statute was the dispositional order and not the order placing the inmate in solitary confinement during the

institution must make a finding that he reasonably suspects that the prisoner would constitute a threat to the security of the institution if he were not placed in isolation and segregation pending the investigation. * * *."

[2]"Inmates who commit rule violations of such seriousness that the good order and security of the institution requires immediate removal of the offender shall be placed in holding status pending a disciplinary hearing."

pendency of the proceeding. Therefore, the earlier order would only be reviewable under the provisions of the statute as "proceedings underlying the order" if it affected the outcome of the hearing. Because the penalty was greater than the time he was held pending investigation and because petitioner was given credit for this time and made no claim that he was prejudiced in regard to the outcome of the hearing by the violation of the rules, the Court of Appeals held he suffered no prejudice thereby.

The citation of the *Duncan* case by the Court of Appeals in disposing of this case was obviously directed toward petitioner's third contention, and it was on the basis of the argument which he made upon this contention in his petition for review that we allowed review. We are now troubled by the fact that petitioner did not make the argument to the Court of Appeals which he now makes in his petition for review and that that court, therefore, never had the opportunity to consider it in disposing of the case. In his brief before the Court of Appeals, petitioner claimed only that "the disciplinary committee should have released petitioner from being held in segregation in the absence of a finding that his conduct represented an immediate threat to the institution." In his petition for review, he contends that "the finding of guilt with an attendant credit for time already served was a means utilized to justify petitioner's prior unlawful segregation" and that "a finding of guiilt was only a means to justify their prior holding in segregation." In other words, petitioner is now contending (which he did not contend before the Court of Appeals) that the final result *was* prejudiced by the Committee's failure to make the finding, and that the Court of Appeals was wrong in finding no prejudice occurred. He argues, in effect, that the decision on his guilt as well as the extent of his sentence was prejudiced by the Committee's recognition of the prior illegal confinement.

There is no evidence that the Disciplinary Committee was attempting to moot their failure to find that

petitioner constituted an immediate threat to the institution except for the fact that the sentence was exactly the length of time he had already served. We cannot say that there would have been no basis for imposing a nine-day sentence for petitioner's rule violation. This court is not an expert on running prisons. However, the Disciplinary Committee would be less than astute if it had not realized that the Court of Appeals' opinion in *Duncan* provided a means of covering up illegal incarcerations in solitary confinement during investigation where either the order was neglected or the inmate did not, in fact, constitute an immediate threat to the institution. This court has the uncomfortable feeling that the invitation to subterfuge might, on occasion, be almost irresistible where procedural violations have occurred or where there was a desire to avoid regulations. This is particularly true where, as here, the other method of getting the matter before the court, *i.e.,* a writ of habeas corpus, is not effective because of the time it takes to have a hearing upon such a writ.

■  Because petitioner did not make the argument to the Court of Appeals that he has made to us, because we do not disagree with the Court of Appeals' construction of ORS 421.195, and because, contrary to petitioner's contention, there does not appear to have been a sudden spate of cases in which the Disciplinary Committee has fixed the penalty to equal or exceed illegal incarceration in solitary confinement during investigation, we affirm the dispostion made by the Court of Appeals. However, if like situations continue to occur, the courts are equal to the task of devising a means to prevent abuses. Many of the requirements imposed by courts upon police and correctional institutions result from their failure to obey statutory and regulatory requirements. There will be less danger of interference by courts if statutes and regulations are followed.

The opinion of the Court of Appeals is affirmed.