Argued and submitted September 26, affirmed November 5, 1979

# DOUGLAS M. TOMPKINS,
*Petitioner,*
*v.*
# OREGON CORRECTIONS DIVISION,
*Respondent.*

(CA 14451, No. 7413-C)
602 P2d 334

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Petitioner Tompkins, an inmate of the Oregon State Correctional Institution (OSCI), was an enrollee in a work release program in Lane County. His unusual behavior eventually led to his being returned to full custody and charged with violation of three Corrections Division rules. He was first lodged in the Lane County jail, then later transferred to OSCI. A hearing in his disciplinary case was not held within 15 days as required by Corrections Division Rule 291-40-140(5). When a hearing was at last held, petitioner admitted the rule violations with which he was charged. His work release status was revoked. He appeals, assigning as error the failure of the Corrections Division to hold a disciplinary hearing within the time provided in the Division's own rules. We affirm.

OAR 291-40-140(5) provides, in pertinent part,

> "Within a reasonable time, and not more than twenty (20) calendar days, (fifteen (15) calendar days if placed in a local jail or other place of confinement), after the filing of a misconduct report, a hearing officer will conduct a hearing."

Respondent acknowledges the failure to hold a hearing within the time specified in the rule, but argues 3 separate reasons for sustaining the disciplinary action:

### 1. *Jurisidiction*

Respondent first argues that this court has no jurisdiction to consider this appeal. Respondent is mistaken. *Rutherford v. OSP,* 39 Or App 431, 592 P2d 1028 (1979).

### 2. *Good Cause*

Respondent next argues that the record reflects "good cause" for failure to hold a hearing within 15 days. OAR 291-40-145(4) allows a postponement for good cause and defines "good cause" as including, but not being limited to,

> "(1) Preparation of defense; and/or

[137]

(2) *Illness or unavailability of inmate;*

(3) Gathering of additional evidence; avoiding interference with ongoing police investigation or pending prosecution." (Emphasis added.)

The rule further requires that "[t]he reason for the postponement shall be stated on the record."

The hearing officer's explanation of the reason for the delay was as follows:

> "* * * [T]he records should note that this hearing was originally scheduled for April 6, 1979, but what happened is that just before I had a chance to get down there they transferred you out of Lane County jail— that's where it was originally intended to be set up— and then you were transferred from there to OSCI and I understood that there were some problems there as well and so I opted not to appear because I didn't think that you would be in an emotional state where you would respond very well * * *
> "* * * *
>
> "Oh, you sound rational today like you have your presence of mind and so that was the reason that I didn't come over until now and I also heard a [unintelligible] and [sic] you were still having some emotional problems and so I elected not to try and see you then. And so then I called and I was told that this is the best time as far these people are concerned, the people that run the S & I because of their activities, their counts and meals and visiting and I don't know what else they had doing here, but anyway they told me that today would be the best day and so this is the first opportunity that I really had to see you. So that would explain the delay beyond the 15 days stated in the rule * * * *"

The hearing officer's explanation would be satisfactory if there were anything in the record to support it. Unfortunately, we are not told on this record where or how the hearings officer received his information. Entering a reason on the record is a meaningless gesture if there is nothing in the record from which this court can determine whether the reason is valid. It

llows, therefore, that there is no "good cause" shown in this record for the delay in petitioner's hearing.

## 3. *Harmless Error*

Finally, respondent argues that, even if good cause is not shown, this case should not be reversed because petitioner has not shown that he has been harmed. We agree. Petitioner has admitted the acts which led to his removal from work release status. He points to nothing in this record which demonstrates how the delay in holding the hearing prejudiced his ability to proceed at the hearing. He is apparently asking us to adopt a prophylactic rule: "no timely hearing—no sanction." We decline to do so. *See Hale v. OSP,* 33 Or App 529, 532, 577 P2d 531 (1978); *cf Moore v. OSP,* 16 Or App 36, 519 P2d 389 (1974).

Affirmed.