Argued and submitted February 27, affirmed May 2, 1984

## FRANK SOUSA,
*Appellant,*

*v.*

## CUPP,
*Respondent.*

(134,676; CA A29017)

680 P2d 703

Michael Curtis, Salem, argued the cause and filed the brief for appellant.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

**PER CURIAM**

■     Petitioner, a prisoner at the Oregon State Penitentiary, appeals the dismissal of his petition for a writ of habeas corpus. ORS 34.710. The petition recites that:

> "Petitioner is now and has been in the past subjected to a pattern and practice of physical and verbal harassment and abuse by Correction Officers * * * individuals who are supervised and directed by defendant."

The trial court acquires jurisdiction only on a showing that the alleged claims "require immediate judicial scrutiny, if it also appears to the court that no other timely remedy is available to the prisoner." *Penrod/Brown v. Cupp,* 283 Or 21, 28, 581 P2d 934 (1978); *Armstrong v. Cupp,* 67 Or App 295, 677 P2d 721 (1984). We affirm.

■     We find the requirement of immediate judicial scrutiny to be entirely lacking. According to petitioner's testimony, the last instance of physical abuse occurred in December, 1981, over two years before the petition was filed. In addition, petitioner testified that he had been advised to file an administrative grievance concerning any physical or verbal abuse and that he had used the grievance procedure concerning verbal abuse by one of the officers. Petitioner's own testimony establishes that there is no need for immediate judicial scrutiny and that there are other timely remedies available. The petition was properly dismissed.

Affirmed.