Argued and submitted February 24, affirmed April 16, 1997

STATE OF OREGON, ex rel,
Patricia SULLIVAN,
*Appellant,*

*v.*

Steven James PIERCE,
*Respondent,*

*and*

Mark RADER
and Leslie Rader,
husband and wife,
*Defendants.*

(94-11-26892-L; CA A91711)

936 P2d 1036

Stephanie J. Williams argued the cause and filed the brief for appellant.

Laura Graser argued the cause and filed the brief for respondent.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

The state appeals from a judgment of dismissal pursuant to ORCP 21 A(3). ORS 19.010(1), 19.020. Because we conclude that the state failed to preserve dispositive claims of error for appeal, we affirm.

Defendant Steven James Pierce was convicted of racketeering under the Oregon Racketeer Influenced and Corrupt Organization Act (ORICO) and ordered to reimburse the state $42,846.25 for court and police investigation costs and attorney and witness fees. Six months after filing that criminal ORICO action, the state filed a civil ORICO action against defendant, seeking only "its cost of prosecution and attorney fees as well as the local government's costs of investigation * * * in the amount of $42,846.25."[1] Defendant moved to dismiss the civil ORICO complaint pursuant to ORCP 21 A(3), which provides for dismissal when "there is another action pending between the same parties for the same cause."

Defendant's motion sought dismissal "for the reason that there is another action pending between the plaintiff State of Oregon and defendant Pierce for the same cause." Defendant cited as authority Amendments V, VIII and XIV of the United States Constitution; Article I, section 12, of the Oregon Constitution; ORCP 21 A(3); *Austin v. United States*, 509 US 602, 113 S Ct 2801, 125 L Ed 2d 488 (1993); *United States v. Halper*, 490 US 435, 109 S Ct 1892, 104 L Ed 2d 487 (1989); and *Armstrong v. Cupp*, 67 Or App 295, 677 P2d 721, *rev den* 297 Or 340 (1984). The state opposed the motion only on the ground that its civil action did not violate the double jeopardy provision of the United States Constitution:

"Defendant's Rule 21 Motion should be denied[,] because the damages sought by the State, in this case, do

___

[1] In addition to the $42,846.25 in costs and fees, the state's civil ORICO complaint sought treble actual economic damages, equitable relief, forfeiture and other penalties. In its memorandum in opposition to defendant's Rule 21 A(3) motion, however, the state conceded that it "is not asking this Court to impose additional punitive measures such as imprisonment, forfeiture, treble damages or a civil penalty against defendant. The State strikes these allegations of its Verified Complaint[.]"

not constitute punishment for the purposes of double jeopardy. The State does not seek punitive sanctions, but rather a civil monetary judgment in the amount of $42,846.25 plus interest. Since the State does not seek punitive or additional sanctions against defendant, the double jeopardy clause does not apply."

The trial court granted defendant's motion on the basis of ORCP 21A(3), dismissed the state's complaint with prejudice, and entered a judgment of dismissal.[2] The state assigns error to the trial court's ruling dismissing its complaint.

Dismissal under ORCP 21 A(3) is appropriate when "there is another action pending between the same parties for the same cause." In this case, the state did not preserve its argument that the trial court erroneously concluded that the criminal ORICO proceeding was another action pending between the state and defendant for the same cause as the civil ORICO proceeding. *See* ORAP 5.45(2) ("No matter assigned as error will be considered on appeal unless it was preserved in the lower court * * *."); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991) (plaintiff must preserve alleged claim of error in trial court and raise issue on appeal by assignment of error). Consequently, we have no basis for reversing the trial court's dismissal of the state's complaint.

Affirmed.

---

[2] Describing the somewhat more complex procedural posture of this appeal would serve little purpose in the light of our disposition.