Submitted on record and briefs August 23, affirmed September 27, 1989

JAMES KINNEY,
*Appellant,*

*v.*

MAASS,
*Respondent.*

(88C-10461; CA A60354)

779 P2d 632

David B. Kuhns, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Vera Langer, Assistant Attorney General, Salem, filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Plaintiff appeals a summary judgment granted to defendant in a *habeas corpus* proceeding. We affirm.

Plaintiff sought the writ on allegations that he had been unlawfully denied meritorious good time deductions without just cause.[1] Cross-motions for summary judgment were filed pursuant to ORCP 47, and the court granted defendant's motion. Subsequently, the Supreme Court held that any motion practice other than an ORS 34.680 motion to strike is inappropriate in *habeas corpus* actions. *Bedell v. Schiedler,* 307 Or 562, 566, 770 P2d 909 (1989). The granting of summary judgment was, therefore, inappropriate.[2] *See also Lane v. Maass,* 98 Or App 75, 778 P2d 503 (1989).

Under Article VII (amended), section 3, of the Oregon Constitution, we have the authority to enter the judgment that ought to have been made. The pleadings are complete, and the parties agree that there are no issues of fact raised by the return and the replication. We ignore the summary judgment, and we agree with the trial court that ORS 421.120 authorizes the Department of Corrections to deduct good time only if the sentence is actually served in the custody of the Department of Corrections.

Affirmed.

---

[1] Plaintiff argues that work activities and educational classes taken while incarcerated in California should entitle him to additional meritorious good time deductions in Oregon, because he was technically serving his Oregon sentence at the time those activities took place.

[2] In *Bedell,* the court noted that the proper procedure is for the defendant to file a return to the writ. Once a return is filed, factual allegations contained therein are deemed true, unless the plaintiff denies them by replication. The replication must allege with particularity facts which, if true, would entitle the plaintiff to *habeas corpus* relief. After receipt of the return and the replication, the case is set for summary hearing, if there are any disputed fact questions. A hearing is not required if there are no disputed fact questions or if the facts averred by the plaintiff, even if true, would be insufficient to warrant *habeas corpus* relief.