Submitted on record and briefs October 23, reversed and remanded December 13, 1989

## THOMAS G. PEACOCK,
*Appellant,*

*v.*

## MAASS,
*Respondent.*

(88C-11045; CA A61125)

783 P2d 1043

David B. Kuhns, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Keith W. Wingfield, Assistant Attorney General, Salem, filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Plaintiff,[1] an inmate of the Oregon State Penitentiary, appeals from the dismissal of his claim for *habeas corpus* relief after the trial court granted defendant's ORCP 21A(1) motion to dismiss for lack of subject matter jurisdiction. Any motion other than an ORS 34.680 motion to strike is inappropriate in *habeas corpus* actions. *Bedell v. Schiedler, supra* n 1, 307 Or at 566. The granting of defendant's motion was, therefore, inappropriate.

Reversed and remanded.[2]

---

[1] In *habeas corpus* proceedings, the parties are plaintiff and defendant, rather than petitioner and respondent. *See Bedell v. Schiedler,* 307 Or 562, 564 n 1, 770 P2d 909 (1989); *Quinn v. Hanks,* 192 Or 254, 258, 233 P2d 767 (1951).

[2] Unlike in *Kinney v. Maass,* 98 Or App 590, 779 P2d 632 (1989), and *Peacock v. Maass,* 99 Or App 680, 783 P2d 1042, we are unable to decide this case on its merits. In those cases, there were no issues of fact raised by the return and the replication. Plaintiff's amended replication raises a fact issue: whether he is being held in the disciplinary segregation section of the penitentiary for disciplinary rule violations that occurred while he was on escape status. He claims that he is being treated unlike other individuals who violate disciplinary rules while on escape and is being denied his constitutional right to equal protection under the State and Federal constitutions. Those allegations are sufficient to require at least a summary hearing. *See Penrod/ Brown v. Cupp,* 283 Or 21, 28, 581 P2d 934 (1978); *see also Bedell v. Schiedler, supra* n 1, 307 Or at 568-69.