Submitted on record and briefs November 20, affirmed December 13, 1989

THOMAS G. PEACOCK,
*Appellant,*

*v.*

MAASS,
*Respondent.*

(88C-11043; CA A61566)

783 P2d 1042

David B. Kuhns, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Keith W. Wingfield, Assistant Attorney General, Salem, filed the brief for respondent.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Plaintiff, an inmate of the Oregon State Penitentiary, appeals from the dismissal of his claim for *habeas corpus* relief after the trial court granted defendant's ORCP 21A motion to dismiss. Any motion other than an ORS 34.680 motion to strike is inappropriate in *habeas corpus* actions. *Bedell v. Schiedler*, 307 Or 562, 566, 770 P2d 909 (1989).

However, under Article VII (amended), section 3, of the Oregon Constitution, we have the authority to enter the judgment that ought to have been made. The pleadings are complete. Plaintiff's replication alleges that defendant is preventing plaintiff from having contact with another inmate, that no legitimate security concerns justify defendant's action and that defendant's action is racially motivated. Taking plaintiff's allegations as true, they do not show a need for immediate judicial scrutiny that is required as a matter of constitutional law or the practical inadequacy of an alternative remedy to meet the need. *See Gage v. Maass*, 306 Or 196, 204, 759 P2d 1049 (1988); *Penrod/Brown v. Cupp*, 283 Or 21, 28, 581 P2d 934 (1978).

Although the trial court followed the wrong procedure, we decide on the merits that plaintiff is not entitled to *habeas corpus* relief. *See Kinney v. Maass*, 98 Or App 590, 779 P2d 632 (1989); *Cf. Peacock v. Maass*, 99 Or App 678, 783 P2d 1043 (1989).

Affirmed.