Submitted on record and briefs May 20, appeal dismissed August 8, 1977.

DONALD PENROD, *Appellant,*

*v.*

CUPP, *Respondent.*

(No. 96355, CA 7282)

567 P2d 563

Bell, Bell & Rounsefell and R. Michael Healey, Stayton, filed the brief for appellant.

James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and W. Benny Won, Assistant Attorney General, Salem, filed the brief for respondent.

Before Thornton, Presiding Judge, and Tanzer and Richardson, Judges.

THORNTON, P. J.

[ 371 ]

## THORNTON, P. J.

Plaintiff, an inmate of the Oregon State Penitentiary (OSP), brought this habeas corpus proceeding alleging that his constitutional rights had been violated by OSP personnel in three respects: (1) depriving plaintiff of a book which he had ordered; (2) assaults upon plaintiff by correctional officers; and (3) refusing needed medical care.

He appeals from a decision of the circuit court of Marion County denying him relief, contending that the trial court erred in denying relief.

Plaintiff argues that the trial court erred, first, because there were insufficient facts in the record to support its holding that "Plaintiff has failed to prove that Defendant has interfered with Plaintiff's mail in any other manner other than limiting physical possession under the policy of the Segregation and Isolation Building," and second, in holding that the plaintiff's constitutional rights were not violated because "Plaintiff has failed to prove that Defendant has denied Plaintiff needed medical care."

Defendant presents a threshold question, contending that the trial court did not have jurisdiction to enter its judgment in the first place because of the repeal of the so-called civil death statute, Oregon Laws 1975, ch 781, § 10, and the enactment of ORS 137.275.

ORS 137.275 provides:

"Except as otherwise provided by law, a person convicted of a felony does not suffer civil death or disability, or sustain loss of civil rights or forfeiture of estate or property, but retains all of his rights, political, civil and otherwise, including, but not limited to, the right to vote, to hold, receive and transfer property, to enter into contracts, including contracts of marriage, and to maintain and defend civil actions, suits or proceedings."

We conclude that defendant's argument on the above point must be sustained. *See, Rose v. Cupp,* 23

Or App 355, 542 P2d 925 (1975), Sup Ct *review denied* (1976). *See also, Bekins v. Cupp,* 274 Or 115, 545 P2d 861 (1976). In *Bekins* the court observed in a footnote that the civil death statute had been repealed "effective at a date after oral argument." The court then said:

> "* * * This may have some effect in the future upon the availability of habeas corpus in this type of case. ORS 138.540 must also be taken into consideration."

While it is true that this court in *Newton v. Cupp,* 3 Or App 434, 474 P2d 532 (1970), held that habeas corpus encompassed challenges to the constitutionality of treatment accorded inmates of penal institutions, this expansion of ORS 34.310[1] was premised upon the nonexistence of any other remedy for such claims by inmates.

However, at the time plaintiff's petition for habeas corpus was filed the "civil death" statute had been repealed. Inasmuch as relief requested by plaintiff was and is available through conventional statutory civil remedies, such relief is no longer available in this type of case. *See, Rose v. Cupp, supra.* The rule announced in *Newton v. Cupp, supra,* must be deemed to have been superseded by the action of the legislature in repealing the civil death statute and enacting ORS 137.275 as to all fact situations where relief is available through conventional statutory civil remedies, e.g., (1) suit for mandatory injunction, (2) damage action for assault and (3) suit for mandatory injunction or damage action for withholding needed medical care.

We therefore affirm the denial of relief in this case.

Appeal dismissed.

---

[1] ORS 34.310 provides:

"The writ of habeas corpus ad subjiciendum is the writ designated in ORS 34.310 to 34.730, and every other writ of habeas corpus is abolished. Every person imprisoned or otherwise restrained of his liberty, within this state, except in the cases specified in ORS 34.330, may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint, and if illegal, to be delivered therefrom."