Submitted on record and briefs February 24, reversed and remanded June 22, 1988

# ERNEST MOORE,
*Appellant,*

*v.*

# PETERSON,
*Respondent.*

(86-C-12447; CA A45499)

756 P2d 1261

Eric R. Johansen, Salem, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General and Philip Schradle, Assistant Attorney General, Salem, filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

In this *habeas corpus* proceeding, petitioner, an inmate of the Oregon State Correctional Institution (OSCI), appeals from a summary judgment for defendant. Petitioner alleges that, by denying him treatment by specialists for his heart disease, diabetes, ear infection, bronchitis and tuberculosis, OSCI has provided inadequate treatment. The matter came before the trial court on cross-motions for summary judgment. Because we find that there are genuine issues of material fact concerning the medical care of petitioner, we reverse and remand.

Summary judgment is proper when the moving party has shown that there is no genuine issue of material fact and that that party is entitled to judgment as a matter of law. We view the record in the light most favorable to petitioner, who opposed the motion that was granted. *Seeborg v. General Motors Corporation,* 284 Or 695, 588 P2d 1100 (1978).

■ ■ Failure to provide a prisoner "such medical care in the form of treatment as is reasonably available under the circumstances of [the prisoner's] confinement and medical condition" entitles a prisoner to *habeas corpus* relief if there is no other timely remedy available. *Jorgenson v. Schielder,* 87 Or App 100, 102, 741 P2d 528 (1987), *citing Priest v. Cupp,* 24 Or App 429, 431, 545 P2d 917, *rev den* (1976). The potential for irreparable harm resulting from alleged inadequate medical treatment often requires the speedy resolution which only *habeas corpus* can provide.

■ In his affidavit and documents submitted in support of his motion for summary judgment, petitioner contends that he suffers serious heart disease, that prison physicians have failed to set up appointments promised for further diagnosis and treatment and that he is not being served meals appropriate for a diabetic. The affidavits and documents submitted in support of defendant's motion contend that petitioner suffers from atypical *non*-cardiac chest pain, that he failed to attend appointments arranged for him and that he often refused his meals and insulin treatment. There are issues of material fact which preclude resolution by summary judgment.

Reversed and remanded.