Submitted on petition for review filed November 23, 1988, petition for review allowed, decision of the Court of Appeals vacated and remanded to trial court with instructions January 18, reconsideration denied March 7, 1989

CHARLES M. KEENAN,
*Petitioner on Review,*

*v.*

PETERSON,
*Respondent on Review.*

(TC 87-C-11214; CA A46668; SC S35733)

767 P2d 441

Steven H. Gorham, Salem, filed the petition on behalf of the petitioner on review.

No appearance *contra.*

PER CURIAM

## PER CURIAM

Petitioner in this habeas corpus case is incarcerated in the Oregon State Correctional Institute (OSCI). He seeks review of a decision of the Court of Appeals holding that his right to confidential communication with his attorney is not interfered with by the practice at OSCI of randomly monitoring telephone calls to assure that such calls are not being used for an illegal purpose. *Keenan v. Peterson,* 92 Or App 703, 759 P2d 1140 (1988). (The practice, according to the evidence as apparently accepted in the findings of the trial court, is to discontinue immediately any monitoring of a call that is between a prisoner and his attorney as soon as the nature of the call is apparent.) We allow the petition, vacate the decision of the Court of Appeals and remand to the trial court with instructions to dismiss the writ.

Beyond its traditional use as the method of determining if a person was being held unlawfully, habeas corpus is also available in Oregon in two kinds of cases:

"(1) When a petition makes allegations which, if true, show that the prisoner, though validly in custody, is subject to a further 'imprisonment or restraint' of his person that would be unlawful if not justified to the court, and (2) when a petition alleges other deprivations of a prisoner's legal rights of a kind which, if true, would require immediate judicial scrutiny, if it also appears to the court that no other timely remedy is available to the prisoner."

*Penrod/Brown v. Cupp,* 283 Or 21, 28, 581 P2d 934 (1978). The petition here alleges neither kind of harm. An injunction proceeding, an action for declaratory judgment or a mandamus proceeding all would be sufficiently timely to adjudicate petitioner's claims. *See Gage v. Maass,* 306 Or 196, 204, 759 P2d 1049 (1988). The trial court should have dismissed the writ without reaching the merits.

The petition for review is allowed. The decision of the Court of Appeals is vacated. The case is remanded to the trial court with instructions to dismiss the writ.