On appellant's petition for review filed June 15, 1988, reconsideration allowed, former opinion (91 Or App 186, 754 P2d 632) withdrawn and affirmed March 8, 1989

NORMAN E. MILLER,
*Appellant,*

*v.*

MAASS,
*Respondent.*

(87-C-11122; CA A46906)

769 P2d 788

David B. Kuhns, Salem, for petition.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner sought a writ of *habeas corpus,* alleging that his parole release date had been extended under ORS 144.125(3) and that he was denied constitutionally required treatment for the severe emotional condition that the Board of Parole identified as the basis for extending his term. *See Ohlinger v. Watson,* 652 F2d 775 (9th Cir 1980). He requested immediate release from incarceration or an order that defendant provide him a comprehensive treatment program. The trial court addressed the merits of the request but denied petitioner relief and dismissed the petition for the writ. He appealed, and we affirmed. 91 Or App 186, 754 P2d 632 (1988). Petitioner has filed a petition for review, ORAP 10.10, which we treat as a petition for reconsideration.

In *Keenan v. Peterson,* 307 Or 323, 767 P2d 441 (1989), the court reiterated the criteria discussed in *Penrod/ Brown v. Cupp,* 283 Or 21, 581 P2d 934 (1978), for determining if a writ of *habeas corpus* should be allowed. The court said that, if the petition does not allege a type of harm redressable by *habeas corpus* relief, ORS 34.700, the writ should be dismissed without reaching the merits. The petition for the writ here does not allege a type of harm entitling petitioner to *habeas corpus* relief. It should have been dismissed on that basis. The trial court dismissed it on the merits. We allow the petition for reconsideration, withdraw our former opinion and affirm the judgment but on a different basis. Dismissal was proper under *Keenan v. Peterson, supra.*

Reconsideration allowed; former opinion withdrawn; affirmed.