Argued and submitted February 1, the decision of the Court of Appeals reversed and remanded to the circuit court for further proceedings March 22, 1989

## HELEN JOLAINE BEDELL,
*Petitioner on Review,*

*v.*

## SCHIEDLER,
*Respondent on Review.*

## (TC 87-C-10928; CA A46980; SC S35677)

770 P2d 909

John E. Storkel, Salem, argued the cause and filed the petition for petitioner on review.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff appeals the dismissal of her claim for habeas corpus relief.[1] She contends that the circuit court erred in dismissing her claim for lack of subject matter jurisdiction. ORCP 21A(1).[2] We review for errors of law, ORS 34.710, and reverse.

Plaintiff, an inmate of the Oregon Women's Corrections Center (OWCC), petitioned the circuit court for a writ of habeas corpus, alleging that defendant's failure to provide adequate ventilation and circulation of clean air at OWCC violated her constitutional rights against cruel and unusual punishment. A writ issued, and defendant filed a return alleging only that plaintiff was in custody pursuant to a valid judgment and sentencing order. Plaintiff filed a replication.[3]

---

[1] In habeas corpus proceedings, the parties are plaintiff and defendant rather than petitioner and respondent. *Quinn v. Hanks,* 192 Or 254, 258, 233 P2d 767 (1951).

[2] ORCP 21A provides in part:

"Every defense, in law or fact, to a claim for relief in any pleading, whether a complaint, counterclaim, cross-claim or third party claim, shall be asserted in the responsive pleading thereto, except that the following defenses may at the option of the pleader be made by motion to dismiss: (1) lack of jurisdiction over the subject matter * * *."

[3] Plaintiff's replication alleges in part:

"Alleges said imprisonment, incarceration, custody and restraint to the best of [plaintiff's] knowledge and belief is unlawful, and the illegality thereof consists of the following: 1) [plaintiff] is subject to cruel and unusual punishment in violation of the 8th Amendment to the United States Constitution and Article I, Section 16 of the Oregon State Constitution in that Defendant has subjected [plaintiff] to an environment which is highly detrimental to [plaintiff's] physical well being.

"Specifically, the ventilation and circulation of air throughout Defendant's correctional center is faulty and ill designed so that [plaintiff] must breath and exist in noxious, stale and unhealthy air. Defendant's windows are bolted in such a fashion as to allow only a six (6) inch opening. This opening is insufficient to allow fresh air to circulate within the building.

"Moreover, the windows mentioned above are covered with welded bars in addition to being bolted. The presence of these bars negates the argument that the windows are bolted for reasons of security.

"Defendant also maintains a policy which prohibits [plaintiff] from opening her door to allow circulation of air, even when she is not in the room. This policy serves to aggravate [plaintiff's] misery by further hindering the circulation of air.

"Often times Defendant will order a lock down or in the alternative, force two inmates who smoke to remain in the same room for a substantial amount of time. At such times, the smoke is so thick that [plaintiff] can see it hanging in the air. The smoke and dust in the air has also saturated [plaintiff's] curtains and dis-

Thereafter, defendant moved to dismiss the petition for lack of subject matter jurisdiction pursuant to ORCP 21A(1).[4] The circuit court allowed the motion,[5] finding that plaintiff was challenging conditions of her confinement that did not require immediate judicial intervention and that she had reasonably available alternative legal remedies including preliminary injunctions and tort claims.

The Court of Appeals affirmed the dismissal, but for a different reason:

> "[Plaintiff] does not allege that she did not suffer the ailments before her confinement at OWCC, that her physical aliments are linked medically to the lack of ventilation and circulation of air or that she has sought medical treatment that has failed to alleviate her ailments. She therefore has failed to state ultimate facts sufficient to constitute a basis for habeas corpus relief."

*Bedell v. Schiedler,* 93 Or App 214, 215, 761 P2d 552 (1988).

■ We first examine the statutory framework for habeas corpus actions. Habeas corpus proceedings are governed by ORS 34.310 *et seq.* Except where a different procedure is specified by those statutes, procedures to be followed in habeas corpus actions are those prescribed by the Oregon Rules of Civil Procedure. *Gage v. Maass,* 306 Or 196, 201, 759 P2d 1049 (1988).

---

colored the windows in her cell as well as those in other areas of the building.

"The effects of the stale and unclean air on [plaintiff] are substantial. She awakens each morning with clogged sinuses and a severe headache. [Plaintiff's] skin is constantly dry and irritated and she has a persistent sore throat. The only reason that staff members are not affected in a like manner is because they are provided with fans and air purifiers in their offices.

"Forcing [plaintiff] to exist within an environment which poses serious health problems to her, amounts to cruel and unusual punishment. Such punishment necessitates immediate judicial intervention designed to remedy the environment as well as the hazards it produces."

[4] At the time defendant moved to dismiss, the pleadings consisted of the return and the replication. Defendant's motion was improperly directed against the petition and should not have been entertained. *Gage v. Maass,* 306 Or 196, 202-03, 759 P2d 1049 (1988). However, plaintiff did not resist the motion on that basis.

[5] The circuit court dismissed the petition in a signed "Judgment and Order." Once again, we remind both bench and bar that a judgment should be set forth in a separate document labeled "Judgment." ORCP 70A.

■■■ The central characteristic of the writ of habeas corpus is the speed with which it triggers judicial scrutiny. *Penrod/Brown v. Cupp,* 283 Or 21, 27, 581 P2d 934 (1978). On the filing of a well pleaded petition, a writ shall issue "without delay." ORS 34.370. After a return to the writ is filed, the court "shall, immediately * * *, proceed to examine into the facts contained in the return." ORS 34.580. If a replication is filed, the court shall proceed "in a summary way" to hear the evidence and decide the case. ORS 34.670.

ORS 34.680 provides:

> "The plaintiff may move to strike the return, or the defendant may move to strike any new matter set forth in the replication of the plaintiff, or by proof controvert the same, as upon a direct denial or avoidance. The pleadings shall be made within such time as the court or judge shall direct, and they shall be construed and have the same effect as in an action."

We conclude that any motion practice other than an ORS 34.680 motion to strike is inappropriate in habeas corpus actions. Any additional motion practice would only lengthen and complicate actions intended to provide an expeditious and summary resolution of the issues presented.

The function of a petition for writ of habeas corpus is to secure the issuance of a writ. ORS 34.340. ORS 34.360 prescribes the form and contents of petitions for the writ of habeas corpus. A petition must state more than mere conclusions; it must allege with particularity facts which, if true, would entitle the plaintiff to habeas corpus relief. ORS 34.360. A plaintiff claiming a violation of constitutional rights must allege facts showing that such violations affect him or her individually.

■■ Once a petition has been filed, the circuit court must allow the writ without delay, unless it appears from the petition itself, or from the documents annexed thereto, that the provisions of ORS 34.310 to 34.730 prohibit the person for whose relief the writ is intended from prosecuting the writ. The clerk shall issue the writ immediately. ORS 34.370. Generally, strict rules of pleading are not enforced in habeas corpus actions; petitions should be construed liberally and not voided for mere technical defects. *State ex rel Sorensen v. Baird,* 201 Or 240, 247, 269 P2d 535; *see* ORS 34.680. If the writ issues, the petition ordinarily ceases to have any function

and is not considered part of the pleadings, unless it is incorporated into or treated as plaintiff's replication. *Gage v. Maass, supra,* 306 Or at 202, citing *State ex rel Sorensen v. Baird, supra,* 201 Or at 247-48.

The return to the writ is the defendant's principal pleading. ORS 34.540; *State ex rel Sorensen v. Baird, supra,* 201 Or at 247. Once a return has been filed, the factual allegations contained therein are deemed true unless, by replication, the plaintiff denies their truth. A plaintiff may move to strike the return. ORS 34.680. Where the return is unchallenged, the only issue is whether the facts in the return alone are sufficient to justify habeas corpus relief.[6]

The replication to the return is the plaintiff's principal pleading. The plaintiff is not required to file a replication. ORS 34.670. In the replication, the plaintiff may controvert any of the material facts in the return, or allege therein any fact showing grounds for habeas corpus relief. ORS 34.670. The replication must allege with particularity facts which, if true, would entitle the plaintiff to habeas corpus relief. *See Smallman v. Gladden,* 206 Or 262, 270, 291 P2d 749 (1956). A replication may controvert any material fact in a return, or it may allege any fact showing grounds for habeas corpus relief. ORS 34.670. If the defendant agrees, the petition may be treated as the replication. A defendant may move to strike any new matter in the replication, or may controvert it by proof. ORS 34.680.

After the circuit court has received the return and the replication, if any, the case is set for summary hearing if there are any disputed fact questions. ORS 34.670. A hearing is not required if there are no disputed fact questions, or if the facts averred by the plaintiff, even if true, would be insufficient to warrant habeas corpus relief. *See Keenan v. Peterson,* 307 Or 323, 767 P2d 441 (1989).

In addition to its use to determine whether a person is being held unlawfully, habeas corpus may also be available:

---

[6] While ORS 34.580 mandates an immediate judicial inquiry after the return is filed, ORS 34.670 states that the plaintiff may file a replication after the return is filed and that the judge shall then proceed summarily to hear the evidence and decide the case.

In either case, circuit courts should make findings of fact and give reasons for their rulings to facilitate appellate review.

"(1) When a petition makes allegations which, if true, show that the prisoner, though validly in custody, is subjected to a further 'imprisonment or restraint' of his person that would be unlawful if not justified to the court, and (2) when a petition alleges other deprivations of a prisoner's legal rights of a kind which, if true, would require immediate judicial scrutiny, if it also appears to the court that no other timely remedy is available to the prisoner." *Penrod/Brown v. Cupp, supra,* 283 Or at 28.

In *Penrod/Brown* this court clarified the requirements for habeas corpus claims involving alleged deprivations of a prisoners' legal rights:

"[W]e emphasize the two essential elements that must coincide to make the writ of habeas corpus a proper instrument of judicial inquiry: The need for immediate attention, if this appears from the urgency of the harm to which the prisoner claims to be exposed or if it is found to be required as a matter of constitutional law, and the practical inadequacy of an alternative remedy to meet this need." 283 Or at 28.

In *Gage v. Maass, supra,* 306 Or at 204, we underscored the fact that *both* elements must be present to sustain the deprivation of legal rights type of a habeas corpus claim.

■ Turning to the merits of this case, plaintiff concedes that she is validly confined. In her replication she alleges that the conditions of her custody are unconstitutional. Defendant did not move to strike any new matter in the replication. ORS 34.680. The circuit court was required to accept all her allegations as true. As such, they were sufficient as a matter of law to require a hearing on the merits. The conditions of plaintiff's custody and its impact on her health were factual issues which the circuit court should have examined.

The circuit court found that plaintiff's allegations did not require immediate judicial intervention and that she had reasonably available alternative legal remedies. We disagree on both grounds.

Plaintiff's replication contains uncontroverted allegations that she is unnecessarily suffering clogged sinuses, severe headaches, dry and irritated skin and a sore throat and that those health problems will continue unless conditions at OWCC are changed. Accepting those allegations as true, they

present unresolved issues of fact requiring immediate judicial scrutiny.

Nor are we persuaded that plaintiff has reasonably available alternate legal remedies. In the context of plaintiff's allegations that she is unnecessarily suffering serious and ongoing injury, an ordinary civil action seeking injunctive relief is neither a timely nor an adequate remedy. *See Mueller v. Cupp,* 45 Or App 495, 499-500, 608 P2d 1203 (1980). We cannot find that plaintiff is required to endure additional weeks, months, or perhaps years, of the unconstitutional conditions pleaded in her replication while pursuing tort claims against this defendant, the state, or other potential defendants. On these facts, we hold that the circuit court erred in finding that plaintiff had "reasonably available" alternative legal remedies.

A plaintiff who is denied a habeas corpus hearing on procedural grounds may face insurmountable difficulty in pursuing alternative legal remedies. The proper selection and pleading of such remedies generally involves greater legal intricacies than are involved in habeas corpus actions. *See Penrod/Brown v. Cupp, supra,* 283 Or at 27, n 7. Further, although ORS 34.355 authorizes the appointment of counsel to represent indigent habeas corpus plaintiffs, generally, there are no comparable provisions for appointed counsel to assist indigent prisoners in pursuing alternative legal remedies. Thus, as a practical matter, denial of habeas corpus relief may effectively foreclose any form of relief for indigent habeas corpus plaintiffs. Circuit courts may consider such realities in determining whether alternative legal remedies are, in fact, "reasonably available" to habeas corpus plaintiffs.

■ We next consider the rationale stated by the Court of Appeals in affirming the circuit court. The Court of Appeals held that plaintiff had failed to state ultimate facts sufficient to constitute a basis for habeas corpus relief because she had failed to allege: (1) that she had not suffered her ailments before her confinement at OWCC; (2) that her physical ailments are linked medically to the alleged lack of ventilation and circulation of air; or (3) that she had unsuccessfully sought and undergone medical treatment to alleviate her ailments. Those allegations were not required. They are defenses that defendant might have raised, but did not. Accordingly,

plaintiff's failure to address those defenses in her replication was not fatal to her right to a hearing.

Plaintiff's replication alleges sufficient specific facts supporting her claim that the conditions of her confinement violates her constitutional rights. Construed liberally, the replication alleges that the environment in which she is confined unnecessarily subjects her to serious health hazards. If prisoners are entitled to reasonable and necessary medical care,[7] it reasonably follows that they also are entitled to an environment that does not unnecessarily subject them to serious health hazards.

In this case, we do not decide whether plaintiff's evidence will support her claim for habeas corpus relief. Construing her replication liberally and accepting her unchallenged allegations as true, we conclude that she has established her right to a hearing at which she will have a full and fair opportunity to present her evidence. It is simply too early in the judicial process to dismiss this action which raises a claim that is not wholly unsubstantial.

The decision of the Court of Appeals is reversed. The case is remanded to the circuit court for further proceedings.

---

[7] *See* Or Const, Art I, § 13; *Sterling v. Cupp,* 290 Or 611, 625 P2d 123 (1981); *Estelle v. Gamble,* 429 US 97, 104-06, 97 S Ct 285, 50 L Ed 2d 251 (1976).