Argued and submitted October 31, 1990, reversed and remanded February 20, 1991

STEVEN FOX,
*Appellant,*
*v.*

Carl ZENON,
*Respondent.*

(89-C-11888; CA A63356)

806 P2d 166

Stephen J. Bedor, Salem, argued the cause and filed the brief for appellant.

Yuan Xing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General and Janet A. Klapstein, Assistant Attorney General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Plaintiff appeals a judgment for defendant after the court dismissed his writ of *habeas corpus* for lack of jurisdiction. He assigns that ruling as error. We reverse.

Plaintiff is incarcerated in the Oregon State Penitentiary. His replication alleges:

> "Plaintiff is suffering from mental illness, is emotionally disturbed and suffering from severe depression which has led to numerous suicide attempts by Plaintiff. Although Defendant has sent the Plaintiff to an alcohol treatment program, Plaintiff does not have an alcohol problem. Plaintiff is suffering from a mental illness for which he is in need of psychological care. Plaintiff has requested to see a psychiatrist on fifteen to twenty occasions, but has not been provided with any psychiatrist or any pertinent psychological diagnosis or treatment."

He seeks diagnosis by a competent psychiatrist and treatment. The trial court ruled that plaintiff's replication fails to allege facts

> "establishing the kind of serious and immediate harm which would require immediate judicial examination. Moreover, plaintiff has available to him alternate legal remedies, including a civil rights action, which are sufficiently timely to adjudicate his claims. Accordingly, the court finds that Plaintiff's replication is insufficient as a matter of law to invoke the court's *habeas corpus* jurisdiction."

In *Penrod/Brown v. Cupp,* 283 Or 21, 26, 581 P2d 934 (1978), the court said:

> "[T]he writ remains available to bring before the court * * * two kinds of cases * * *: (1) when a petition makes allegations which, if true, show that the prisoner, though validly in custody, is subject to further 'imprisonment or restraint' of his person that would be unlawful if not justified to the court; and (2) when a petition alleges other deprivations of a prisoner's legal rights of a kind which, if true, would require immediate judicial scrutiny, if it also appears to the court that no other timely remedy is available to the prisoner."

Plaintiff does not allege facts in his replication that, if true, show that his is the first kind of case in *Penrod/Brown.* As to the second kind, however, plaintiff alleges facts that, if true, require immediate judicial scrutiny and show that no other

timely or adequate alternative remedy is available. *See Bedell v. Schiedler,* 307 Or 562, 770 P2d 909 (1989); *Moore v. Peterson,* 91 Or App 616, 756 P2d 1261 (1988).

In *Bedell,* the plaintiff alleged in her replication that she suffered from clogged sinuses, severe headaches, dry and irritated skin and sore throat and that, due to the defendant's failure to provide adequate ventilation and circulation of clean air, the conditions would continue. The court ruled that the plaintiff's allegations, if true, showed that she was suffering "serious and ongoing injury," 307 Or at 562, and "serious health hazards," 307 Or at 570, that the allegations presented unresolved issues of fact requiring immediate judicial scrutiny and that the plaintiff did not have "reasonably available" alternative legal remedies. 307 Or at 569. The court also said that the plaintiff had sufficiently alleged that she was being subjected to cruel and inhuman punishment in violation of her constitutional rights and that she should not be required to endure additional "weeks, months, or perhaps years" of unconstitutional conditions while she pursued another remedy. 307 Or at 579. Accordingly, the court ruled that the trial court erred when it dismissed her claim for lack of subject matter jurisdiction.

In *Moore v. Peterson, supra,* the plaintiff's affidavit and other documents in support of his motion for summary judgment asserted that

"he suffers heart disease, that prison physicians have failed to set up appointments promised for further diagnosis and treatment and that he is not being served meals appropriate for a diabetic." 91 Or App at 618.

The affidavits and documents submitted in support of the defendant's motion to dismiss asserted that

"petitioner suffers from atypical *non*-cardiac chest pain, that he failed to attend appointments arranged for him and that he often refused his meals and insulin treatment." 91 Or App at 618.

We held that there were genuine issues of material fact that precluded resolution by summary judgment. If the plaintiff's assertions were true, the institution's refusal of diagnosis and treatment created a serious, ongoing health hazard that required immediate judicial scrutiny.

We construe plaintiff's replication liberally. *Bedell v. Schiedler, supra.* Taking as true his allegation that he has made several suicide attempts, we infer that he cannot control his suicidal impulses and that, at any time, he is likely to try again. Again taking his allegation as true that he has requested to see a psychiatrist on 15 to 20 occasions but that defendant has not provided him with any psychiatric or any psychological diagnosis or treatment, we infer from his allegations that defendant will continue to deny his requests to see a psychiatrist or be diagnosed or treated. Plaintiff's allegations, if true, show that his mental illness is an immediate, ongoing and serious health hazard. Accordingly, immediate judicial scrutiny is required. We disagree with the trial court's ruling to the contrary. *See Bedell v. Schiedler, supra.*

To make out the second kind of *Penrod/Brown* case, a plaintiff must also allege facts on the basis of which the court can conclude that there are no adequate and timely alternative remedies available. We disagree with the trial court's ruling that plaintiff has available to him timely, alternative legal remedies. In *Bedell v. Schiedler, supra,* the court held that alternative civil remedies were not reasonably available, because the danger to the plaintiff's health was serious and immediate. Similarly, in *Moore v. Peterson, supra,* although we did not address the issue directly, it appears that alternative civil remedies were also not reasonably available, because the danger was serious and immediate.

Plaintiff's replication also states facts from which the court should have concluded that adequate and timely alternative legal remedies are not reasonably available. *See Bedell v. Schiedler, supra.* Plaintiff's resort to prison grievance procedures, to civil rights actions or actions for mandamus, injunction, declaratory relief or other civil remedies may not be timely.

Accordingly, the court erred when it dismissed the writ and gave judgment for defendant.

Reversed and remanded.