Argued and submitted October 31, 1990, affirmed February 20, reconsideration denied May 15, petition for review denied July 23, 1991 (311 Or 643)

JOHN BAHRENFUS,
*Appellant,*

*v.*

George W. BACHIK,
*Respondent.*

(88-C-11410; CA A61824 (Control))


MYRTLE SHAFER DUCLO,
*Appellant,*

*v.*

George W. BACHIK,
*Respondent.*

(88-C-11825; CA A61827)


KIMBERLY GUNN,
*Appellant,*

*v.*

George W. BACHIK,
*Respondent.*

(89-C-10175; CA A61830)


DONALD RAYMOND MUELLER,
*Appellant,*

*v.*

George W. BACHIK,
*Respondent.*

(88-C-11971; CA A61831)


WADE ALLEN SLAUGHTER,
*Appellant,*

*v.*

George W. BACHIK,
*Respondent.*

(89-C-10176; CA A61834)

MICHAEL LEE WYMORE,
*Appellant,*

*v.*

George W. BACHIK,
*Respondent.*

(89-C-10172; CA A61838)
(Cases Consolidated)

806 P2d 170

Harris S. Matarazzo, Salem, argued the cause and filed the brief for appellants.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiffs are patients in the Oregon State Hospital.[1] Each pled guilty, except for insanity, to the crime charged. The court placed each under the jurisdiction of the Psychiatric Security Review Board. Under ORS 161.327, the Board has jurisdiction over each plaintiff for a period equal to the maximum sentence provided by statute for the crime to which each pled guilty, except for insanity. The Board committed each to the Oregon State Hospital for the maximum time for which the person could have been incarcerated in the penitentiary.

Each plaintiff filed a petition for writ of *habeas corpus* and alleged that defendant has intentionally disregarded psychiatric needs; unreasonably withheld necessary and reasonable psychiatric services; deprived the person of the right to treatment under Oregon statutes and administrative rules; and deprived the person of the right to be free of cruel and unusual punishment under the Eighth Amendment and Article I, section 16, of the Oregon Constitution and of the right to due process and equal protection under the Fourteenth Amendment and equal privileges and immunities under Article I, section 20, of the Oregon Constitution. Plaintiffs allege that, after being committed to the hospital to receive treatment, each has been "warehoused" and is being denied proper and necessary diagnosis, care and treatment. Each also alleges that no other timely remedy is available.

After the writs issued and defendant filed returns, the court allowed the petitions to stand as replications in each case. The court then granted defendant's motions to strike the replications for lack of subject matter jurisdiction and failure to allege ultimate facts sufficient to state claims for *habeas corpus* relief and dismissed the writs. Plaintiffs appeal, and we affirm.

■　　　Plaintiffs assign the grant of the motions to strike as error. They assert that the motions are actually motions to dismiss and that, under *Bedell.v. Schiedler,* 307 Or 562, 566,

---

[1] The six cases have been consolidated for appeal.

770 P2d 909 (1989), they are improper. They are not. *Lane v. Maass,* 309 Or 671, 790 P2d 1137 (1990).[2]

■      Plaintiffs also assign as error that the court held that their claims are insufficient to invoke *habeas corpus* relief. They argue that, because of deprivation of mental health diagnoses and treatment, it is likely that they will not be released into the community before the expiration of PSRB's jurisdiction; that their situations are "little different from a prison inmate unlawfully placed in segregation or isolation;" that, if they were to receive treatment, they would be released, or at least conditionally released, sooner than the expiration date of their full term of confinement, because they would be cured or would no longer be dangerous, *see* ORS 161.341(4)(c); that, without treatment, they will be hospitalized longer than would otherwise be necessary; and that they are, therefore, subjected to additional "imprisonment or restraint" beyond the initial restraint of hospitalization. That, they claim, puts them in the first category in *Penrod/Brown v. Cupp,* 283 Or 21, 581 P2d 934 (1978), where the court stated that *habeas corpus* is available in Oregon courts in these circumstances:

"(1)    When a petitioner makes allegations which, if true, show that the prisoner, though validly in custody, is subjected to a further 'imprisonment or restraint' of his person that would be unlawful if not justified to the court, and (2) when a petition alleges other deprivations of a prisoner's legal rights of a kind which, if true, would require immediate judicial scrutiny, if it also appears to the court that no other timely remedy is available to the prisoner." 283 Or at 28.

Plaintiffs do not allege any restrictions beyond the possibility that they may have to serve the full term of their original commitment. They are not entitled to *habeas corpus* relief on the ground that they might be released sooner than their original term if they were to receive diagnosis and treatment. *See Miller v. Maass,* 95 Or App 445, 447, 769 P2d 788 (1989). They argue that *Miller* is distinguishable, because there we denied *habeas corpus* relief to a prison inmate who

---

[2] In *Lane,* decided after plaintiffs filed their briefs here, the court concluded that a motion to dismiss a replication is an appropriate form of motion to test the legal sufficiency of that pleading:

"Filing a motion to strike is the preferred way to test the legal sufficiency of a replication, ORS 34.680, but because the motion to dismiss has the same function and effect, we affirm the trial court." 309 Or at 677.

did not receive treatment for an emotional condition, whereas here plaintiffs have been committed to the hospital in order to receive treatment. The effect of the denial of treatment, however, is the same in each instance: Each may be required to serve the full term.

Plaintiffs also argue that, as patients in the Oregon State Hospital, they cannot earn good-time credits, as they could if they were inmates of the penitentiary. It is sufficient in this proceeding to respond that the lack of good time credits does not extend plaintiffs' terms; therefore, they are not subjected to further restraint beyond their lawful confinement, and their claims are not in the first category in *Penrod/ Brown*.[3]

As to the second kind of *Penrod/Brown* case, plaintiffs' replications do not state facts that, if true, show a need for immediate judicial scrutiny. Unlike the plaintiffs' allegations in *Bedell v. Schiedler, supra, Fox v. Zenon,* 106 Or App 37, 806 P2d 166 (1991), and *Moore v. Peterson,* 91 Or App 616, 756 P2d 1261 (1988), plaintiffs' allegations do not show that denial of diagnosis and treatment is likely to result in an immediate, serious, ongoing health hazard to them. *Jones v. Maass,* 106 Or App 42, 806 P2d 168 (1991).

Affirmed.[4]

---

[3] Plaintiffs also rely on *Ohlinger v. Watson,* 652 F2d 775 (9th Cir 1980), where the court ruled that a person incarcerated on the basis of mental illness has a constitutional right to adequate medical treatment. In that case, the plaintiffs were convicted of sodomy and sentenced to indeterminate terms, because their mental conditions disposed them to commit sex offenses. Plaintiffs here were sentenced to definite maximum terms under the jurisdiction of the Board, not because of mental illness or disorder, but because of their convictions, except for insanity, of various crimes.

[4] We need not reach the merits of plaintiffs' claim of denial of administrative, statutory and constitutional rights.