Argued and submitted October 31, 1990, affirmed February 20, reconsideration denied April 24, petition for review denied May 28, 1991 (311 Or 426)

ERWIN JONES,
*Appellant,*

*v.*

Manfred (Fred) MAASS,
*Respondent.*

(89-C-11344; CA A63355)

806 P2d 168

Stephen J. Bedor, Salem, argued the cause and filed the brief for appellant.

Wendy Jo Paris, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff was convicted of attempted assault in the first degree. He is incarcerated for a term of ten years, with a five-year minimum, in the Oregon State Penitentiary. In this *habeas corpus* case, he alleged in his replication that he has an illness, alcoholism, and that defendant has denied him treatment; that he has a mental illness for which a doctor has recommended anger management treatment that is available to inmates at the penitentiary but that defendant has denied him that treatment; that the Board of Parole has extended his parole release date because he has not been treated for alcoholism or for his mental illness and that, therefore, his incarceration is being extended on the basis of mental illness; and that denial of treatment denies him liberty under the due process clause of the Fourteenth Amendment and constitutes cruel and unusual punishment under the Eighth Amendment and Article I, section 16, of the Oregon Constitution. He prays for treatment of his alcoholism, for anger management treatment and for such other further relief as the court deems just and equitable. The court dismissed the writ and gave judgment for defendant. Plaintiff appeals, and we affirm.

Plaintiff does not allege facts that show a "further imprisonment or restraint" under the first category in *Penrod/Brown v. Cupp,* 283 Or 21, 581 P2d 934 (1978). *See Fox v. Zenon,* 106 Or App 37, 806 P2d 166 (1991). If plaintiff was successfully treated, the Board of Parole might give him an earlier release date, but he has not been subjected to "further imprisonment or restraint," because at most he would be obliged to serve the full term for which he was sentenced. *See Miller v. Maass,* 95 Or App 445, 447, 769 P2d 788 (1989).

As to the other category of *Penrod/Brown,* plaintiff does not allege facts that, if true, require immediate judicial scrutiny. As we have interpreted them in *Fox v. Zenon, supra, Bedell v. Schiedler,* 307 Or 562, 770 P2d 909 (1989), and *Moore v. Peterson,* 91 Or App 616, 756 P2d 1261 (1988), are distinguishable.

In *Bedell,* the plaintiff's allegations, if true, showed that environmental conditions interacted with the plaintiff's health condition to create an immediate, ongoing, serious health hazard to her. In *Moore,* the allegations, if true, showed

that failure to provide treatment and diet for the heart condition and diabetes could create a serious health hazard that was immediate and ongoing. In *Fox* the plaintiff's allegations, if true, showed that he could not control his suicidal impulses and that, at any time, he was likely to try suicide again and that his mental illness was an immediate, ongoing and serious health hazard to him. Here, on the other hand, plaintiff's alcoholism and mental illness, as he has alleged the facts, do not create a risk to him of serious and immediate harm. Immediate judicial scrutiny is not required. *See also Bahrenfus v. Bachik,* 106 Or App 46, 806 P2d 170 (1991).

Accordingly, the court did not err when it dismissed the writ and gave judgment for defendant.

Affirmed.