## ROBERT COOK,
*Appellant,*

*v.*

## Carl ZENON,
*Respondent.*

(89-C-10524; CA A64326)

810 P2d 864

Stephen J. Bedor, Salem, argued the cause and filed the brief for appellant.

Wendy Jo Paris, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a judgment for defendant after the court dismissed a writ of *habeas corpus* for lack of jurisdiction. He assigns that ruling as error. We affirm.

Plaintiff is incarcerated in the Oregon State Correctional Institution (OSCI). His replication alleges that he was sentenced to terms of 20 years, with 10-year minimums, for convictions for Sodomy I and Burglary I and was sentenced to 30 years after conviction of Rape I as a dangerous offender under ORS 161.725. He alleges that ORS 421.155 requires defendant to provide him with any available physical, mental and psychiatric observation and treatment to enable him to be released at the earliest possible date with the least possible danger to the health and safety of others.[1] He alleges that he has exhausted all available "mental programs" at OSCI, has successfully completed anger management courses and drug and alcohol treatment and now desires, as he has requested, psychiatric treatment "through the MED program." He alleges that defendant denies him access to that program. He alleges that denial of treatment constitutes cruel and unusual punishment under the Eighth Amendment and Article I, section 16, of the Oregon Constitution. He prays that defendant provide him with reasonably available psychiatric diagnosis and treatment.

■ Plaintiff does not allege facts that show a "further imprisonment or restraint" under the first category in *Penrod/Brown v. Cupp,* 283 Or 21, 581 P2d 934 (1978). *Jones v. Maass,* 106 Or App 42, 806 P2d 168 (1991); *see Fox v. Zenon,* 106 Or App 37, 806 P2d 166 (1991). *If* plaintiff were successfully treated, the Board of Parole *might* give him an earlier release date, but he has not been subjected to "further imprisonment or restraint." As matters now stand, at most he would be obliged to serve the full term for which he was sentenced. *See Miller v. Maass,* 95 Or App 445, 447, 769 P2d 788 (1989).

---

[1] ORS 421.155 provides:

"Any person sentenced under ORS 161.725 and 161.735, shall be given such physical, mental and psychiatric observation and treatment as is available and may tend to rehabilitate such person and make possible the earliest possible release from the Department of Corrections institution in which such person is confined, with the least possible danger to the health and safety of others."

■    As to the other category of *Penrod/Brown,* plaintiff does not allege facts that, if true, require immediate judicial scrutiny. As we have interpreted *Bedell v. Schiedler,* 307 Or 562, 770 P2d 909 (1989), and *Moore v. Peterson,* 91 Or App 616, 756 P2d 1261 (1988), in *Fox v. Zenon, supra,* they are distinguishable. *See Jones v. Maass, supra.* Plaintiff does not allege that he suffers from a mental illness that creates a risk of serious and immediate harm to him. Immediate judicial scrutiny is not required. *See Bahrenfus v. Bachik,* 106 Or App 46, 806 P2d 170 (1991).

Affirmed.