Submitted on record and briefs November 26, 1990, affirmed June 19, 1991

KEVIN McCLAFLIN,
*Appellant,*

*v.*

R. L. WRIGHT,
*Respondent.*

(89-874; CA A63695)

813 P2d 1098

Wade P. Bettis, Jr., and Bettis & Ricker, P.C., La Grande, filed the brief for appellant.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Keith Wingfield, Assistant Attorney General, Salem, filed the brief for respondent.

NEWMAN, J.

De Muniz, J., dissenting.

## NEWMAN, J.

Plaintiff was convicted of burglary. He is incarcerated for a term of five years, with a two-and-one-half year minimum, in the Eastern Oregon Correctional Institution. After a writ of *habeas corpus* was issued, plaintiff alleged in his replication that he has a history of mental disease that is serious and disabling, that he needs immediate mental health services, that other inmates have been given evaluation and treatment by a psychologist or psychiatrist, that he is being denied evaluation and treatment and that he is also a long-term segregation inmate at the institution.[1] The prayer of his replication is for the court to direct defendant immediately to allow plaintiff a psychiatric evaluation to be performed by a psychologist or psychiatrist and such further additional relief as the court deems just and proper.

After the pleadings were complete, the court dismissed the case on the grounds that plaintiff did not state a claim for *habeas corpus* relief or meet the minimum requirements for *habeas corpus* jurisdiction. Plaintiff appeals, and we affirm.

Plaintiff's claim is not in the first category in *Penrod/ Brown v. Cupp,* 283 Or 21, 581 P2d 934 (1978). *See Fox v. Zenon,* 106 Or App 37, 806 P2d 166 (1991). He does not allege any causal relationship between his mental illness and his segregation or that the evaluation and treatment that he seeks would allow him to return to the general prison population. His challenge is to defendant's failure to provide him with psychiatric evaluation and treatment, not to the conditions of his confinement.

Even if the facts that plaintiff pleads are true, they do not show that failure to provide him with evaluation and treatment causes him the kind of harm that requires immediate judicial scrutiny in the second kind of *Penrod/Brown case.* As we have interpreted them in *Fox v. Zenon, supra, Moore v. Peterson,* 91 Or App 616, 756 P2d 1261 (1988), and *Bedell v. Schiedler,* 307 Or 562, 770 P2d 909 (1989), are distinguishable from this case. Plaintiff alleges that his "mental disease"

---

[1] Plaintiff does not plead that, because of his mental illness, he is dangerous to himself or others, although the court offered him an opportunity to amend his replication.

is "serious and disabling." He does not allege facts that show what his disease is, why it is "serious" and in what way it is "disabling." Unlike the plaintiffs' allegations in *Bedell, Fox* and *Moore,* plaintiff alleges no facts that, taken as true, show that the denial of evaluation and treatment by a psychologist or psychiatrist is likely to result in an immediate, serious, ongoing health hazard. Accordingly, immediate judicial scrutiny is not required. *Jones v. Maass,* 106 Or App 42, 806 P2d 168, *rev den* 311 Or 426 (1991); *see also Bahrenfus v. Bachik,* 106 Or App 46, 806 P2d 170 (1991).

Accordingly, the court did not err when it dismissed the writ and gave judgment for defendant.[2]

Affirmed.

**DE MUNIZ, J.,** dissenting.

I agree that the issue is whether the replication contains allegations that are cognizable in *habeas corpus* under the second category of cases identified in *Penrod/Brown v. Cupp,* 283 Or 21, 581 P2d 934 (1978). However, I disagree with the majority's analysis and conclusion. There is no meaningful distinction between the allegations in this case and those in *Fox v. Zenon,* 106 Or App 37, 806 P2d 166 (1991). Consequently, I dissent.

Plaintiff[1] alleges that he "has a history of mental disease which is known to the staff of the Eastern Oregon Correctional Institution." He alleges that he "has repeatedly complained and sought assistance for his disabling and serious mental condition" and that he "is in need of immediate mental health services," but that he "is being denied an evaluation and or treatment by a licensed Psychologist or Psychiatrist."[2] He claims, *inter alia,* that defendant's failure to provide medical treatment constitutes cruel and unusual punishment under the Eighth Amendment to the United

---

[2] Plaintiff also argues that, under *Capps v. Atiyeh,* 559 F Supp 894 (D Or 1982), a class action under 42 USC § 1983, he has an Eighth Amendment right to mental health treatment. We need not reach that issue.

[1] The replication refers to plaintiff as "petitioner." That is incorrect. In *habeas corpus* proceedings, "the parties are plaintiff and defendant rather than petitioner and respondent." *Bedell v. Schiedler,* 307 Or 562, 564 n 1, 770 P2d 909 (1989).

[2] We must accept the allegations in the replication as true and give them a liberal construction. *See Bedell v. Schiedler, supra,* 307 Or at 567.

States Constitution and under Article I, section 16, of the Oregon Constitution. He prays for the court to issue an order that would require defendant to provide him with immediate psychiatric evaluation by a licensed psychologist or psychiatrist.

The threshold issue is whether plaintiff's claim is cognizable in an action for *habeas corpus* relief. Traditionally, the writ of *habeas corpus* was served on a person who detained another and was designed to resolve whether that detention was authorized by law. However, in *Bekins v. Cupp,* 274 Or 115, 545 P2d 861 (1976), the Oregon Supreme Court approved of an expanded use of *habeas corpus* that we had recognized six years earlier in *Newton v. Cupp,* 3 Or App 434, 474 P2d 532 (1970), by which prisoners could challenge conditions of confinement. In *Newton,* the plaintiff alleged that his constitutional right to be free from vindictive or cruel and unusual punishment was being violated because he was being subjected to repeated unprovoked beatings and that his constitutional right to religious freedom was being infringed because he was being denied the right to possess religious materials. We said:

> "We are of the opinion that habeas corpus is available in Oregon to test the constitutionality of treatment afforded an inmate of a penal institution." 3 Or App at 437.

*Newton* turned largely, if not exclusively, on the existence of *former* ORS 137.240, the so-called "civil death statute." *Rose v. Cupp,* 23 Or App 355, 358, 542 P2d 925 (1975), *rev den* (1976). Under that statute, inmates were precluded from using ordinary civil remedies for the protection of their constitutional rights. *Boatwright v. S.I.A.C.,* 244 Or 140, 142, 416 P2d 328 (1966). *Habeas corpus* was the *only* remedy available.

Notwithstanding the repeal[3] of the civil death statute in 1975, *Penrod/Brown v. Cupp, supra,* identified two "kinds of cases" in which the expanded use of *habeas corpus* remains available:[4]

---

[3] Or Laws 1975, ch 781, § 10.

[4] In *Penrod v. Cupp,* 30 Or App 371, 567 P2d 563 (1977), we concluded that, with the repeal of the civil death statute, the expanded use of *habeas corpus* was "no longer available." 30 Or App at 374. However, in *Penrod/Brown,* the Supreme Court

"(1) When a petition makes allegations which, if true, show that the prisoner, though validly in custody, is subjected to a further 'imprisonment or restraint' of his person that would be unlawful if not justified to the court, and (2) when a petition alleges other deprivations of a prisoner's legal rights of a kind which, if true, would require immediate judicial scrutiny, if it also appears to the court that no other timely remedy is available to the prisoner." 283 Or at 28.

We are concerned here with the second category that the Supreme Court described.[5] As to that category, the court said:

"[T]wo essential elements * * * must coincide to make the writ of habeas corpus a proper instrument of judicial inquiry: The need for immediate attention, if this appears from the urgency of the harm to which the prisoner claims to be exposed or if [the need for immediate attention] is found to be required as a matter of constitutional law, and the practical inadequacy of an alternative remedy to meet this need." 283 Or at 28.

Plaintiff claims that his replication alleges facts that show that he is being deprived of his legal rights under both the federal and state constitutions to be free from cruel and unusual punishment. As we observed in *Priest v. Cupp,* 24 Or App 429, 545 P2d 917, *rev den* (1976):

"The Eighth Amendment to the United States Constitution prohibits the infliction of 'cruel and unusual punishments' as does Art I, § 16 of the Oregon Constitution. Neither, however, guarantees to any inmate that while in custody he will be free from or cured of all real or imagined medical disabilities. What is required is that he be afforded such medical care in the form of diagnosis and treatment as is

---

disagreed and reversed. The legislature has not acted. Consequently, the fundamental policy determination about the scope of *habeas corpus* jurisdiction under the present statutory scheme is established. We are bound to apply the analysis set out in *Penrod/Brown* and decide cases in a manner consistent with that policy determination.

[5] The first category includes cases in which inmates are subjected to administrative segregation. *See Bekins v. Cupp,* 274 Or 115, 545 P2d 861 (1976). Plaintiff alleges that he is "a long term segregation inmate," but, as the majority correctly observes, he fails to allege any causal relationship between his mental illness and the segregation.

reasonably available under the circumstances of his confinement and medical condition." 24 Or App at 431.

*Accord, Johnson v. Cupp,* 29 Or App 541, 543, 564 P2d 734, *rev den* (1977). In both *Priest* and *Johnson, habeas corpus* relief was denied, because testimony at evidentiary hearings demonstrated that neither claim of cruel and unusual punishment was supported by the facts.

Here, however, no evidentiary hearing has taken place. Plaintiff's allegation that defendant is denying treatment for his disabling mental illness is not meaningfully distinguishable from that of the plaintiff in *Jorgenson v. Schiedler,* 87 Or App 100, 741 P2d 528 (1987), who alleged that she was receiving inadequate medical treatment for swelling in her ankles; that of the diabetic plaintiff in *Mueller v. Cupp,* 45 Or App 495, 608 P2d 1203 (1980), who alleged that his medically inappropriate diet was causing blindness; that of the plaintiff in *Moore v. Peterson,* 91 Or App 616, 756 P2d 1261 (1988), who alleged that he was not receiving diagnosis and treatment for his heart disease and was not receiving meals appropriate for a diabetic; and that of the plaintiff in *Bedell v. Schiedler,* 307 Or 562, 770 P2d 909 (1989), who alleged that the stagnant air in prison was causing deleterious effects on her sinuses. In *Fox v. Zenon, supra,* the plaintiff alleged that he was "suffering from mental illness, is emotionally disturbed and suffering from severe depression which has led to numerous suicide attempts" and that the defendant had denied numerous requests for psychological care. 106 Or at 39.

In each of the cases just cited, the allegations of health problems caused or exacerbated by the defendant's conduct were sufficient to invoke the court's *habeas corpus* jurisdiction. In none of them, however, did the appellate court decide whether *habeas corpus* relief should have been granted. The appellate court was in no position to make that determination, because relevant facts were in dispute. Each case presented allegations of deprivations of legal rights for which immediate judicial scrutiny was required and for which no adequate and timely alternative remedy, other than *habeas corpus,* was available. As we recently stated:

"The potential for irreparable harm resulting from alleged inadequate medical treatment often requires the speedy

resolution which only *habeas corpus* can provide." *Moore v. Peterson, supra,* 91 Or App at 618.

Defendant contends that "claims alleging a denial of psychiatric care do not state harm redressable by *habeas corpus* relief." To support that proposition, defendant relies on *Miller v. Maass,* 95 Or App 445, 769 P2d 788 (1989), a case that the majority does not cite. In *Miller,* the plaintiff alleged that his parole release date had been extended and that he was being denied constitutionally required treatment for the severe emotional condition that the Board of Parole identified as the basis for extending his term. He requested an immediate release from incarceration or an order that defendant provide him a comprehensive treatment program. The court held an evidentiary hearing after the replication had been filed and made a factual finding that the plaintiff was *refusing* offered treatment. It entered an order stating that it was dismissing the plaintiff's "petition."

On appeal, the plaintiff argued, *inter alia,* that the court erred in denying *habeas corpus* relief. Initially, we affirmed without opinion, but on reconsideration we affirmed on "a different basis." 95 Or App at 447. Stating that dismissal was proper under *Keenan v. Peterson,* 307 Or 323, 767 P2d 441 (1989),[6] we said:

"The petition for the writ here does not allege a type of harm entitling petitioner to *habeas corpus* relief. It should have been dismissed on that basis. The trial court dismissed it on the merits." 95 Or App at 447.

Our opinion, the trial court order and the parties' briefs in *Miller* suffered from technical inaccuracies. Although the trial court's order stated that it was dismissing "the petition," in fact it was denying *habeas corpus* relief on the merits, on the basis of its finding that petitioner had not been denied, but had *refused* psychological treatment. The record indicates that the court issued a writ, that the state filed a return and that plaintiff filed a replication.[7] Under that

---

[6] *Keenan* stands for the proposition that the court should not issue a decision on the merits if the pleading fails to allege facts that raise a claim that is cognizable in *habeas corpus*. If that pleading is the petition, the court should not issue a writ; if that pleading is the replication, the court should dismiss the writ it previously issued.

[7] Similar inaccuracies also are present in *Priest v. Cupp, supra, Johnson v. Cupp, supra,* and *Mueller v. Cupp, supra.*

procedural posture, the petition "ceased to have any function." *Gage v. Maass,* 306 Or 196, 202, 759 P2d 1049 (1988). Its function was complete when it secured the issuance of a writ. *State ex rel. Sorensen v. Baird,* 201 Or 240, 247, 269 P2d 535 (1954).

That technical inaccuracy aside, defendant misreads the basis for our holding in *Miller.* As we recently explained in *Jones v. Maass,* 106 Or App 42, 44, 806 P2d 168, *rev den* 311 Or 426 (1991), we construed the allegations in *Miller* to raise a claim that the denial of psychological treatment subjected the plaintiff to further imprisonment or restraint under the first category of *Penrod/Brown.* We concluded that that claim was not cognizable in *habeas corpus,* because "at most [the plaintiff] would be obligated to serve the full term for which he was sentenced." 106 Or App at 44. However, in cases in which a prisoner alleges that he is being denied medical treatment under the second category of *Penrod/Brown,* the determination of whether a claim is cognizable in *habeas corpus* does not turn on whether the health problem is physiological or psychological. No *habeas corpus* case, in either this court or in the Oregon Supreme Court, draws distinctions in that analysis between mental health and physical health. Defendant's contrary assertion is incorrect.

In *Fox v. Zenon, supra,* the plaintiff alleged that his mental illness made him suicidal; here, plaintiff alleges that his mental illness is disabling. There is no meaningful distinction between those allegations. Yet, although in *Fox* we held that the allegations were adequate to invoke *habeas corpus* jurisdiction, here, the majority concludes that plaintiff's allegations are insufficient. The only reason given is that plaintiff does not allege "what his disease is" and "in what way" it is disabling. 107 Or App at 691. In my view, under *Penrod/Brown,* those allegations are not necessary, because the need for immediate attention exists when the illness causes plaintiff to be either suicidal *or* disabled. Moreover, the practical inadequacy of an alternative remedy is as great in either situation. Assuming that only those health conditions that "create an immediate, ongoing, serious health hazard" are cognizable in *habeas corpus* under the second category of *Penrod/Brown,* as we established in *Jones v. Maass, supra,* 106 Or App at 44, and applied in *Fox v. Zenon, supra,* I would

conclude that plaintiff's allegations of a disabling mental health problem satisfy that test. I would reverse the decision of the circuit court and remand for further proceedings.

Buttler, Rossman and Edmonds, JJ., join in this dissent.