Argued and submitted December 20, 1991, reversed and remanded May 13, 1992

# LARRY F. WIMBER,
*Appellant,*

*v.*

# Manfred (Fred) MAASS,
*Respondent.*

(90-C-11850; CA A68099)

831 P2d 705

Stephen J. Bedor, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Michael M. Pacheco, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Plaintiff appeals the dismissal of his writ of *habeas corpus*. We review for errors of law, ORS 138.220, and reverse and remand.

Plaintiff filed a petition for a writ of *habeas corpus*, raising several specific allegations of inadequate medical treatment. He alleged that, before his incarceration, he was diagnosed as "probably" having hepatitis C and that defendant has refused to provide him with the appropriate diagnostic tests to confirm or disprove the presence of hepatitis C. He also alleged that he has a hernia that requires surgery and that defendant has denied him any treatment for that condition. He also alleged that he is suffering from psoriasis and that defendant has refused him any treatment other than a drug that plaintiff claims is contraindicated for hepatitis. He also alleged that he has reported symptoms such as night sweats, diarrhea, blood in his stool and rapid weight loss but that defendant has refused to conduct any diagnostic tests.

The trial court issued a writ of *habeas corpus*. Defendant then filed a return and a motion to strike in which he denied all of plaintiff's allegations and claimed that plaintiff was receiving "constitutionally adequate medical care that is reasonably available under the circumstances of his confinement." The trial court granted the motion to strike and allowed plaintiff 10 days in which to replead.

Plaintiff filed an amended replication reasserting his original allegations. He also alleged that his prescriptions for migraine headaches and his "liver problems" had been canceled by a nurse practitioner and that defendant has denied his requests to see a physician or to have his prescriptions reviewed by a physician. Plaintiff also alleged that, before his incarceration, he was "prescribed" a low fat diet to alleviate his "liver problems" and that defendant has refused to supply him with a low fat diet, although such a diet is available and is served to other inmates at the penitentiary.

Defendant filed an amended return and a motion to strike. The trial court did not conduct a hearing but found "that there is nothing to indicate that the plaintiff is not receiving adequate medical care, nor has there been any deliberate indifference shown to his medical needs." The trial

court granted defendant's motion to strike and dismissed the writ.

> "A hearing is not required if there are no disputed fact questions, or if the facts averred by the plaintiff, even if true, would be insufficient to warrant *habeas corpus* relief." *Bedell v. Schiedler*, 307 Or 562, 567, 770 P2d 909 (1989). (Citations omitted.)

The state concedes that defendant's returns and plaintiff's replications present genuine issues of material fact. We accept the state's concession. The trial court erred in dismissing the writ without an evidentiary hearing.

Reversed and remanded.