No. 168 March 6, 2024 469

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

SIR GIORGIO SANFORD CLARDY,
*Plaintiff-Appellant,*
*and*

JOHN AND JANE DOES,
O.D.O.C. Adults-In-Custody,
*Plaintiffs,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
21CV00237; A178635

Courtland Geyer, Judge.

Submitted February 5, 2024.

Jedediah Peterson and O'Connor Weber, LLC, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Sir Giorgio Sanford Clardy filed the reply and supplemental briefs *pro se*.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Plaintiff appeals the trial court's judgment dismissing his habeas corpus petition. In his sole assignment of error, plaintiff claims that the trial court erred when it granted the state's motion to dismiss on the basis that there was no genuine issue of material fact on his claim that the Department of Corrections (DOC) had failed to provide treatment for his severe personality disorder. We affirm.

"[I]n reviewing a judgment dismissing a writ of habeas corpus, we will affirm if the record, viewed in the light most favorable to the plaintiff, presents no genuine issue of material fact and the defendant is entitled to prevail as a matter of law." *Woodroffe v. Nooth*, 257 Or App 704, 705, 308 P3d 225, *rev den*, 354 Or 491 (2013).

In his petition, plaintiff claimed that DOC failed to provide him with necessary "evidence-based observation and treatment" for his severe personality disorder. Plaintiff asserted that such evidence-based treatment included, but was not limited to, Dialectical Behavioral Therapy (DBT) and Interpersonal Reconstructive Therapy. Plaintiff claimed that the failure was part of an impermissible DOC mental health classification policy for individuals who were sentenced as dangerous offenders pursuant to ORS 161.725. He alleged that DOC's behavioral health assessments and services policy, as applied to him and other individuals who were sentenced as dangerous offenders, amounted to a failure to provide needed treatment, thus violating the Eighth Amendment to the United States Constitution and Article I, section 16, of the Oregon Constitution.

The trial court assumed without deciding that plaintiff's "severe personality disorder" equated to a "serious medical need." Even so, the trial court granted the state's motion to dismiss because "[d]efendant has presented uncontroverted evidence that DBT is offered and available to [p]laintiff." As a result, the trial court determined that there was no genuine issue of material fact as to plaintiff's claim for relief.

On appeal, plaintiff does not dispute the trial court's factual finding, but argues that several other genuine issues

of material fact remain, such that it was error to grant the motion to dismiss. Having reviewed the record in the light most favorable to plaintiff and considered the parties' briefs, including plaintiff's *pro se* submissions, we conclude that the trial court did not err for two reasons. First, plaintiff's petition did not establish a need for immediate judicial scrutiny. *Cook v. Zenon*, 107 Or App 26, 29, 810 P2d 864, *rev den*, 311 Or 643 (1991). Second, there was no genuine issue of material fact regarding plaintiff's treatment, especially in light of the uncontroverted facts that DOC offered him DBT as a result of his mental health screening and diagnosis, yet he declined those services. Accordingly, the trial court did not err in granting the motion to dismiss. We further determine that plaintiff has not established that the trial court erred when it denied class action status under ORCP 32.

Affirmed.